22453

MIDLANDS UTILITY, INC., Appellant, v. SOUTH CAROLINA DEPART-
MENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(339 S. E. (2d) 862)

Supreme Court

*Jean L. Perrin,* Lexington, *for appellant.*

*John Harleston, Staff Counsel,* and *Walton J. McLeod, III, Gen. Counsel,* Columbia, and *Atty. Gen. T. Travis Medlock,* Columbia, *for respondent.*

Heard Dec. 16, 1985.

Decided Jan. 29, 1986.

LITTLEJOHN, Acting Justice:

Appellant, Midlands Utility, Inc., submits that the Circuit Court Judge erred in refusing to stay an order of Respondent, South Carolina Department of Health and Environmental Control (the Board), pending an appeal on its merits. We affirm.

The underlying action arose from a controversy growing out of the Board requiring extensive construction to be performed in the Utility's operation of its waste water treatment plant.

The contest involves state and federal requirements. It is an administrative procedure and is controlled by the Administrative Procedure Act relevant portions of which are herein quoted.

An adjudicatory hearing was held by a hearing officer; his report was reviewed by the board in July and in November of 1983. The Board issued its order which extensively discussed the case and the arguments of the parties. It found numerous recurring violations of the department's requirements and ordered Utility to take corrective actions according to a specified schedule. There was also levied a civil penalty of $38,200 against Utility. The order was filed November 18, 1983.

On December 16, 1983, Utility filed a petition pursuant to the Administrative Procedure Act, S. C. Code Ann. § 1-23-380 (Cum. Supp. 1984), appealing the order to the Circuit Court. It also obtained from that Court a Rule to

Show Cause, returnable January 6, 1984, why the Board's order should not be stayed pending the appeal of the order on its merits.

The Circuit Court denied the motion to stay the order as it related to required construction but granted the stay as to payment of the civil penalty. Utility appeals the Court's order refusing to stay construction as to three of the twelve plants involved. Presumably, the case on its merits is still on appeal in another proceeding not before us at this time.

Utility submits eight exceptions alleging error on the part of the Circuit Court Judge. They are reduced to three questions as copied from its brief as follows:

## I.
Did the trial judge err in refusing to allow testimony or other evidence to be received at the Rule to Show Cause hearing?

## II.
Did the trial judge err in limiting his consideration of Appellant's entitlement to a stay to the record on appeal and then failing to consider such record?

## III.
Was Appellant entitled to a stay of the Order appealed from?

Section 1-23-380 of the Administrative Procedure Act gives to an aggrieved party appealing from this Board the right of judicial review. It provides in part as follows:

(b) Proceedings for review are instituted by filing a petition in the circuit court within thirty days after the final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.

(c) The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

(d) Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. . . .

(e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decisions by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

(f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

The only issue ruled upon by the Circuit Judge was whether Utility was entitled to a *supersedeas* or a stay of the order of the Board pending a final determination of the appeal on its merits. The statute quoted specifies that the filing of a petition for a review by the Circuit Court does not stay enforcement of agency decisions. In order to warrant a stay, the appealing party must convince the trial judge the stay is warranted and the burden of proof rests upon the party seeking the stay.

The act provides that a review ". . . shall be confined to the record." At the time the *supersedeas* was sought, the thirty days permitted by Section (d) for supplying the record had not elapsed; and accordingly, Utility elected to proceed without a copy of the record which was not at the moment available. Apparently, Utility wanted to call some, or perhaps all, of the witnesses who had testified at the Board hearing. The judge did not err in refusing to

take testimony. Counsel for the Board concedes that the Court could have in its discretion received affidavits on the issue of a stay but such were not submitted. In denying the request to submit testimony, the judge very properly allowed a proffer of evidence which has been made a part of the record. Our review of this proffer indicates that it is more in the nature of an argument than a recitation of facts which would warrant the granting of a stay.

The statute does not set forth the terms under which an appeal from the ruling of an administrative board may be stayed. In the absence of a stipulation on this point, we hold that the granting of a stay is within the discretion of the Circuit Judge; and we find no abuse with or without the proffered testimony.

The hearing before the Circuit Judge was initiated by Utility at a time when the record was not available. Utility may not now be heard to complain that it was not considered.

Utility has not carried the burden of proof; and accordingly, the order denying a stay is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.

HARWELL, A.J., not participating.